With the exception of the statutory jury trial question issue, there are two questions that are at the core of all of the remaining issues in this appeal. The first is whether the local rule prohibits the conduct which Judge Proh found to be criminal, and what is the definition of the practice of law in Nevada. And I used to take the jury trial issue first. I gather if we were to conclude that you were right on the jury trial issue, you would I assume still want us to decide the other questions, because otherwise you're just going to go back and have a jury trial. Because we'll be back in exactly the same place absent that. And the jury trial issue, I think, is very straightforward, so that's why I'm saving that until the end. Judge Proh, there's a very cogent finding by Judge Proh at E.R. 35 and 36, the top of 36, which is in Volume I of the excerpt record, which tells you what Judge Proh thought, the trial judge, what he thought the conduct was that was at the core of this ultimate finding of criminal conduct. And he says, The arguments that are couched in these various pleadings that were filed, we can quibble about whether they're meritorious or not meritorious, but they are clearly in the form of pleadings citing case authority that had been researched, that had been structured or formatted in a way to present legal arguments seeking specific relief, including dismissal of the claims against Mr. Rizzolo. And that's the problem here, is that the conduct which was alleged in the certificate from the magistrate judge and the conduct which has ultimately landed this fellow on three years of Federal probation and facing potential jail penalties if he were to be acquitted, is the drafting of pleadings by a non-lawyer for a pro se litigant, something that is permitted in a number of contexts and something that is never defined in any Nevada law or any statute as being the unauthorized practice of the law. What about the phone call? The phone call was not the basis for the finding of the conviction, where he wouldn't say what his last name was and the lawyer called. It was that was not part of the finding. That was not what Judge Pro Found is being the prohibited conduct. Was it part of the basis for the magistrate's ruling? I don't know. He didn't say that. What he said was it was all about the pleadings. And there were detailed findings by the magistrate ruling which did not include the phone call. The detailed findings included the drafting of the pleadings. And in fact, even the phone call probably doesn't follow. I mean, the problem is, is there's no definition. Every single semester in my trial ad class, I say to my students, if you want to figure out what the burden of proof is in a case or what the defenses are, draft your instructions, even if it's a bench trial. And you go to the statutes and you go to the case law to determine what the elements are, whether it's a civil case or a criminal case. If you go to the Nevada statute, you find that it's unauthorized, that you can't practice law, that's the unauthorized practice of law if you're not a lawyer. There are no elements. There are no definitions. The ABA has tried to tackle this question. As I point out, the Justice Department has opposed a model rule from the ABA on the question because they feel it's anti-competitive and that the definition is too broad and it's much more specific than the Nevada's definition, which there is none. If you look at the history of the definition in Nevada, there's only three cases that really are helpful at all. They're all three-sided. The first is Piner-Title back in 1958, which is a title company case, and where the Court says, well, there may be some circumstances where it's necessary to allow non-lawyers to do this practice. Greenwell v. State Bar, which is an injunction proceeding in which the Nevada Supreme Court said to the State Bar, create some rules, this bothers us, create some rules, tell us what you think is prohibited. State Bar, I don't want to be on the Board of Governors at the time, the State Bar decided to tackle it as an access to justice question and not create any rules. Frankly, it's really hard to create those rules. And then finally, in In re Lerner, I think the most typical case that really is the reason why you can't go to criminal conviction on this, you can get injunctions maybe if the magistrate judge had stopped, he said the conduct was no longer occurring, he struck the pleadings, and yet they went straight to a criminal prosecution as opposed to issuing an order. Kagan. Are you saying isn't the easier way into this case through the local rules? Because the easier meaning that if we were to have a rule, as you're asking for, on the unauthorized practice of law, it would implicate Nevada's ability to enforce criminally at all, it's unauthorized practice of law. Now, I assume there are some things that you would say is clearly the unauthorized practice of law, such as somebody showing up in court and saying I'm a lawyer and you're not. I presume there's not a problem with that. Well, the problem is, is proceeding criminally with no elements, okay? I think that's a problem if you were to proceed criminally at all under the Nevada statute. I don't think you have to find the Nevada statute unconstitutional to decide this case. I think you can take a look at the local rule, because, remember, you have to have a violation of the local rule. It has to be a clear rule. And this is criminal contempt. Yes. You have to say here's a local rule, because there was no order. If this had been an order, they could have satisfied it that way. They could have said don't do this anymore. And then they could have said, look, he did it again. He violated the order. Here we go. Here's the Nevada statute. That didn't happen. Is it fair to assume that really the statute means to be talking about local rules at all? I'm sorry. Is it plain? I mean, to me, I don't even – it isn't even clear to me, except we seem to have one Ninth Circuit case that seems to assume it, that when you say violation of district court rule, you mean a local rule as opposed to a ruling. I didn't raise it in that manner. You're talking about 402, and I didn't raise it. Or 401, which has the same language. Yeah, which has the same thing in it. And it seems to be saying that if I, you know, don't meet and confer, you can hold me in contempt and put me in jail. Which seems fairly unlikely. I think that's unlikely. I would have thought this was unlikely, too. But, you know, if there were a local – I didn't raise it in that manner, saying that it's not a local rule. But if there were a local rule that actually applied to nonlawyers and said, nonlawyers may not draft pleadings for pro se litigants, I don't think we would adopt that rule, because, as I point out, this Court itself is relying on inmate law clerks to fill gaps in defaulting. But some local courts, some district courts apparently do have that rule. They do. And particularly in the bankruptcy setting, there are very specific rules with regard to disclosures and that kind of thing. There's an assumption that you're going to have petition preparers in bankruptcy court. And so they set out – they didn't create the ability to draft the pleadings. What they did was they said, but here are the things you can't do as a nonlawyer, as a lay assistant to a bankruptcy petition preparer. Is there any – is there any exception in Nevada for inmate law clerks? There's nothing in Nevada. There's no definition whatsoever. I assume it's not – this apparently appears to be sort of benign neglect. We don't – nobody goes after – nobody goes after pro se prisoners who've had the aid of jail health lawyers. No, even – it's even different than that, Judge. You are – this Court has said, when a prisoner has come in and said, I couldn't get to the library, they wouldn't let me to the library, they wouldn't let me do the research. This Court has specifically approved inmate law clerks being the gap filler and say, no, go to the – go to the inmate law clerk, they'll do the work for you, you can't excuse your failure to file this petition on time on the ground that you couldn't do it. So we're sending inmates to inmate law clerks. Some prisons pay inmate law clerks to prepare appropriate pleadings. The only point of that – this guy isn't an inmate law clerk, but the only point of that is, is that we're – this is a criminal proceeding. With this – does the – does the local rule – would the local rule bar persons who were admitted elsewhere but not yet in Nevada? There's a specific provision for people – there are two attorney rules at issue, and they're in the – as exhibits to the opening brief. There's 1A10-1 and 1A – 10-2, which is mission practice particular case for out-of-state attorneys. My specific question is, what if somebody is resident in Nevada but is an out-of-state attorney not yet admitted in Nevada? Let's see. There's practice of attorneys admitted in Nevada but not maintaining Nevada offices, practice of attorneys admitted in Nevada and maintaining Nevada offices. Local rule – it's local – it's 10-2-A-2. 10-2 would be the Pro Hoc Vice rule, but you can't really live in Nevada and do that.  You cannot be – you cannot be an inmate Pro Hoc Vice. You can't live in Nevada and then just do Pro Hoc Vice admissions. That's correct. So if you're living in Nevada, you don't have a Nevada license, then you're not admitted to practice. And somebody who does this could be put in jail? I guess they could. I think they could – they would be closer to it because you actually have a local rule which applies to attorneys. Because it says in order to practice, the attorney rules. If rule means this. I'm sorry? If rule means – because it's in the local – Yes. But 10-1 only applies to attorneys. An attorney must be admitted. Right. But it doesn't say anything about non-attorneys. Right. But surely nobody thinks that it is a defense to this that a non-attorney could come in and stand up in court, in Judge Pro's court, and say, I'm here today on behalf of Mr. Kinsey. No, I don't think anybody thinks that they can do that, okay? And I think, again, that is the issue of practice. I think nobody would have a question about that being the practice of law. And we would understand that that violated Rule 10-1, even though 10-1 tells you what you have to do if you're an attorney. I don't know that I would say that I think it violates 10-1 because I don't think 10-1 covers that situation. So if I – but that doesn't mean you can't prevent that. These rules are not about that. They're about what attorneys have to do. You have to go down to the clerk's office. You have to, you know, swear in. And nobody understands that you can't show up in court if you're not a lawyer. And you can stop it. And the judge can just say, go away, you're not a lawyer. Yeah, wait, you're not a lawyer. You can't do that. Stop it. And then if the person violates that order, you have sanctions available to you. But here what we have is a criminal contempt which requires that you have to have Even assuming that rules apply of this kind, it has to be absolutely clear that you're violating a rule, not that you're doing something else. You have to violate a rule. Because under 402, it requires both the direct violation of an order or – Judge, I'm sorry. I didn't think of the point of whether or not a local rule is the same as a ruling. But I think if this – if there were a specific local rule that said non-lawyers can't draft pleadings for pro se litigants. I mean, it seems totally illogical to me for another reason. If you believe that that's what this statute was about, then violating local rules would be a criminal contempt. But violating the Federal rules of criminal procedure or civil procedure wouldn't be. And there's no rationale for that either. It makes no sense. Okay. What if Mr. – what if Mr. Kimsey had been – had been admitted to the bar but not in Nevada? So as far as Nevada's concerned, he's an attorney but not a lawyer admitted there. But he lived in Nevada? And he was drafting pleadings. And he was drafting pleadings. Now what? I think – well, I've got to tell you, this is – this is why the – this is why the Justice Department called these rules so amorphous. Would he be practicing before the district or bankruptcy court? He's clearly an attorney who must be admitted to practice under the following provisions. Here's my problem, is that I don't think drafting pleadings for a litigant who is not a law enforcement officer is the way to know whether you've filed them or not, which is the only evidence in this case, is the practice of law. I think – I think it happens on many different levels. It happens with law clerks. It happens with inmate law clerks. It happens with any number of people who can get on Westlaw and help you to do research. Relatives or attorneys somewhere else. Or attorneys somewhere else. You know, that – because we don't have the situation in which Mr. Rislow said, yes, I was relying on what he told me. Does that – does it matter that Mr. Kimsey didn't – that Mr. Rislow knew he wasn't a lawyer and didn't pay him? When you have no rules – I mean, some states do adopt rules where the issue of compensation is important, where the issue of disclosure matters. I can't tell you that it matters here because there is no definition of the conduct whatsoever. And is it clear that Mr. Kimsey was not paid? It is clear that Mr. Kimsey was not paid. There is – the testimony of Mr. Rislow is I didn't pay him. The testimony of Mr. Rislow was that I took the plea. I brought issues to him. I talked to him about it. And then we spent – Why was Mr. Kimsey spending all this time doing this? What Mr. Rislow said was that Mr. Kimsey asked him, you know, I'll help you with this. Find me a lawyer to supervise me. Mr. Rislow has been around Las Vegas a long time. He had a lot of money at one point, and he knows a lot of lawyers. And so Mr. Kimsey was doing the work. Presumably at some point a lawyer would be found to supervise him to do the work. But why was Kimsey doing the work? So that he could – he could have – he could create that relationship. So that he could get paid. Eventually. Not necessarily for that work, but at some point. Or even on this case, if they – if Mr. Rislow were to find a lawyer that would – that would supervise Mr. Kimsey and would agree to have Mr. Kimsey do some of the work, then Mr. Kimsey could get paid. So Mr. Kimsey becomes sort of a paralegal? Absolutely. Yes. Isn't that what he is, is a paralegal? He is. He is a – I mean, to the extent that that has a definition. But yes, that's exactly – Does he have any formal legal training in any – in any program? I don't know the answer to that, Your Honor. A year of law school? I don't believe he does. Courses at a community college and paralegal training? I don't – I don't believe he does. And we don't – there is no standard in Nevada for being certified as a paralegal. Or actually, anyway, there's several national standards, but there's no specific standard in Nevada for what you need to do to be a paralegal. Okay. You're about out of time. I reserve maybe one minute for rebuttal.  May it please the Court, Peter Levitt, for the next question. абев ipinc1 Acting Judge Pro found that excerpts of Record 34 that Kimsey did not simply take a look at ERI or some other doctrine. It's much, much more than that. This notion that these – this blizzard of pleadings that Kimsey drafted, prepared, and filed was the product of some joint Rislow-Kimsey collaboration has been found otherwise by Judge Pro, who said, Kimsey conducts the research, writes the argument, and gives it to Mr. Rislow to analyze, review, whatever. And ultimately, the products that are filed are documents the Court finds beyond a reasonable doubt were authored by Kimsey. But why does it matter? If Rislow comes in and the judge says, okay, I'm interested in hearing your ERI argument, Mr. Rislow is going to stand up and he's going to say, Your Honor, I would like to rest on my briefs. And at that point, he's assumed full responsibility for his defense. So why does it really matter?      In 1904, an official from Appeal 3 court referred to the U.S. Attorney's office, claiming he didn't know where the line was separating mere clerical paralegal-type assistants. Kagan. So that rule means – a local rule of the district court, not the Federal rules of civil procedure, not the Federal criminal rules, but just fortuitously, for some reason, something that happens to be in the local rules, even so that if you don't meet and confer when you're supposed to or file your paper on the right piece of paper, you can be held in criminal contempt. Is that right? Yes, Your Honor. The local rule says an attorney cannot practice in the district court. All right. But your – so your position is that anything that's in the local rules can be enforced by criminal contempt? Because 401 does not depend on there also being a crime. If the – if the Article 3 court refers it to us for prosecution, then yes, it can. And does that – is that – so that's – you think that's the appropriate interpretation of the statute? I believe it is, Your Honor. I believe that if the local rule says if you're not admitted to practice before the Supreme Court of Nevada or a good moral character – It doesn't actually say that, does it? It says attorneys who aren't admitted. The rule certainly applies to attorneys, but as Judge Biby pointed out and as we pointed out in our answering brief, construing the rule as Kimsey suggests would be construing But this is a criminal contempt. And if – even if the rules do apply, it has to be a clear rule. Is that – isn't that the law? Yes, Your Honor. And it's clear, absolutely clear, that this rule – not that you – obviously you can't appear in court if you're – or maybe even do what you say has been done here if you're not a lawyer. But does this rule say that? Yes, Your Honor. This rule makes it abundantly clear, particularly to people who are previously convicted of unauthorized practice like Kimsey, who was previously convicted of unauthorized practice of law in 1987. He knew precisely he wasn't allowed to – Well, he knew he couldn't engage in the unauthorized practice of law. That doesn't answer whether he knew that this local rule applies to him. Your Honor, there is no record evidence of Kimsey's specific knowledge of the local rule. Well, why isn't that necessary? Well, I would argue that it's not. But addressing Judge, I believe – He doesn't have to have a willful and intentional violation of the rule? No. He did act willfully, Your Honor. He – and this is what Judge Proff found on – I understand that with regard to the practice. But what about with regard to the rule? He doesn't have to know the rule? Your Honor, he has to – Does it require specific intent? It requires willfulness, acting that he knows or reasonably should know that his conduct is unlawful. So in other words, he doesn't – that you can be in criminal contempt of a rule you don't know about? I do not know the answer to that, Your Honor. I don't know – Don't we have to know the answer? Because we don't know that he knew about this rule. No, Your Honor, because Kimsey engaged in the unauthorized practice of law and he did so willfully. Whether or not – But that isn't the sum of the requirements here. Your Honor, whether or not he could cite 10-1A5, chapter and verse, is not the relevant inquiry I would respectfully submit. I would respectfully submit that the relevant inquiry gets back to that phone call with Attorney Jack DeGree. Now, the phone call – the phone call was probably my greatest concern. And Ms. Forsman has pointed out that it is not referenced anyplace in Judge – in Judge Proh's order. It's not the basis for the order, apparently. Your Honor, I would respectfully direct the Court's attention to excerpts of record, page 35, where Judge Proh states, and whether it fits exactly in here versus something different, I don't think carries the day. It's simply a circumstance, along with many others in the record that we need. But many others is quite a catch-all if we're talking about a really important fact, at least to me, which is that he called and represented himself as an attorney in some way. But then he makes the point in the next sentence, Your Honor. He says, and those include the things that Mr. Levitt was ticking off in his argument, that they weren't signed by Mr. Kimsey. He did not identify himself. He refused to acknowledge his status. He declined to receive service, letting – basically letting the subpoena investigator Groover try to serve on him before the magistrate's hearing dropped. I'm sorry. Which – I've got – I'm looking at ER. I'm looking at – 35. Okay. Is that – is that the – is that the November 30th, 2009 order by Judge Proh? No. That is the – Magistrate's order? No. I'm reading from Judge Proh's document number 361, excerpt of record 35, which is Judge Proh's specific fact findings of April 2, 2010. He said he did not identify himself. He refused to acknowledge his status. And he did this because he knew, he knew that he wasn't allowed to make substantive Rooker-Feldman and Erie arguments. This all arose in the context of a civil litigation where a kid was beaten in one of Defendant Rizzolo's strip clubs into a quadriplegic position. I must say that I found – I find this argument and I found your briefs did a very good job of showing that these were maybe both bad guys, but maybe even very bad guys. But that really isn't the question before us. Your Honor, I believe that Kimsey knew precisely, and the record evidence shows that Kimsey knew precisely he could not do what he did. Okay. And did he know that there was a – that he was violating a local rule? Your Honor, no record evidence was developed on that, and whether Kimsey, who did not speak at the bench trial, knew about that. So you think that somebody could be criminally convicted for – I don't know exactly what the local rules of Nevada are, but for not using a certain type, and he doesn't know the rule? Your Honor, I believe that contempt under 402 is lawfully issued where a defendant, in addition to violating the Nevada statute, practices law without being admitted to the practice. But in addition, you'll still have to have the first one. Yes. And 401 – I mean, it's very important to me that 401 and 402 have to be read consistently with regard to that aspect of it. Yes, Your Honor. And so anything that's true of 402 with regard to that part of 402 has to also apply to 401. Does that seem right? Yes, Your Honor. Okay. So therefore, anything that you can do with regard to the local rules for 402, you could also do with regard to local – to 401. Yes, Your Honor. And we have to assume that any ruling we make about criminal contempt for violation of local rules would apply even if there wasn't a criminal violation. Yes, Your Honor. And that's why I'm giving you the hypotheticals I'm giving you, which do not depend on there having been any criminal violation, because the two have to be read in parallel. I agree with Your Honor's statements. Therefore, you could go to jail, as I understand it, for not using the specified type that local rules require, even if you don't know what they require. Yes, Your Honor, but this turns on prosecutorial discretion. That is the refuge of prosecutors, and it's not the way we have to determine what the statute means. Your Honor, but contempt matters are referred to us from the Article III court. It's more judicial refuge to protect its own interests against charlatans who come into court and make Rooker-Feldman arguments and Erie arguments. About jailhouse lawyers. Pardon me? What do we do about jailhouse lawyers? Nothing, Your Honor. There are a number – the rule is no unauthorized practice of law. There are a number of judge-created valid exceptions to that, and one of them is that situation. That's a judge-created exception? When there is an illiterate inmate who may be mentally ill, who has no access to court. But, Mr. Levin, if we are to – if we were to uphold this judgment today, and we were to have knowledgeable jailhouse lawyers who we see their work all the time, were to read that decision, wouldn't they think that they were no longer able to assist other prisoners in the preparing of their motions and habeas petitions and so on? No, Your Honor. I respectfully believe that they would not, because they understand that as a nation in bankruptcy court and as in other exceptions to the general rule situations, there are exceptions where – Mr. Levin, isn't – isn't the only real answer that no judge, Article III judge, has asked you to exercise your prosecutorial discretion in going after jailhouse lawyers? Isn't that the real answer? I'm certainly unaware of any instance, Your Honor. But if – but if a judge referred a jailhouse lawyer to you, you would have to exercise your prosecutorial discretion. You wouldn't say, oh, no, this is a judge – this is a judge-made rule and the judge is wrong. That is correct. But we'd read this Court's precedent that endorses that very practice. In the inmate jailhouse lawyer context, we have any – we have any – So Mr. Kimsey's problem is that he wasn't in jail? No, Your Honor. The problem is that the liberty interest at stake simply cannot be compared. So the general prohibition against unauthorized practice applies in a civil litigation in Federal court. It does not imply where an illiterate inmate – What's the question of that? I don't know the answer to Your Honor's question, but it's certainly the accepted practice, and inmates do when they're confined and don't have access to proper law libraries or facilities or might be illiterate or might be mentally ill, they are allowed, under an exception, to avail themselves of a non-lawyer to get their 2255 habeas petition filed. Suppose I am a law student and I have a relative, and let's say he's very old and maybe mentally impaired and he has some legal problem, and I write a pleading for him, right? And you're telling me that I have now committed a criminal contempt in Nevada. Your Honor, I don't know if that's the case. In the typical paralegal setting, what gives the court comfort is that a paralegal works under the direction of – I didn't say paralegal. I said law student. A law student, someone with some legal training who has not passed the bar. I'm not a law student. I'm just a smart college student. I think we're getting closer to the unauthorized practice of law. But isn't all this the fact that no one can figure out what it is? Your Honor, I respectfully disagree with your characterization that the practice of law is some great esoteric problem. It's not. The magistrate says it's when somebody makes a judgment regarding the legal sufficiency of instruments. Therefore, on my example, let's take the law student. That person is unauthorized practice of law and I can be in criminal contempt in Nevada. I believe that an unlicensed person, unsupervised by a licensed attorney, making and gathering and anonymously presenting legal arguments with actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court has crossed the line into unauthorized practice. The person has not made any representation. They're a lawyer, has not been here in court, has not charged anybody, and is helping an irrelative. I'm sorry, Your Honor. And the relative could do it themselves, but they're not capable. So if somebody else helps them out, that's the unauthorized practice. Yes, Your Honor, and we cited this in the answering brief. People are perfectly capable of making pro se arguments by themselves. I just posited a person who isn't. Right. If Rizzolo had sat down and talked to various Las Vegas attorneys and come up with some half-baked Rooker-Feldman article with 200 pages of exhibits and filed that, then there would be no contempt. He's taking his best shot. The problem, as Judge Crowe correctly pointed out, is when an anonymous, previously convicted person comes in and ghostwrites those articles. But isn't there a bad – I mean, in the hypothetical I gave you and the various ones we've come up with, it could be that somebody could decide that that was the unauthorized practice of law after proper proceedings and say, don't do it anymore. That's one thing. But it's another thing to say that you're in criminal contempt for having done it. Ordinarily, we don't run criminal law that way, i.e., at that level of generality, i.e., you know it when you see it, which is exactly what the district court here said. You know it when you see it. Waxman, Jr.: Your Honor, I believe that one sentence was taken out of context. And the district court engaged in a very searching analysis, citing specifically on excerpts of record page 35, Kimsey's – the fact that Kimsey knew what he was doing and refused to give his last name to Mr. Degree, the attorney who was representing the civil plaintiffs. There was much more than Judge Proulx merely quipping, we know it when we see it. Far more than that. Roberts. Counsel, before you – before you sit down, if we – if we were to accept your arguments on that, the case still has to be reversed, doesn't it, because of the lack of a trial? I believe it's not, Your Honor. My light is on. I would like you to answer the question, because I can't see how you can possibly get around that one. But I'll be interested. Well, what happened, Your Honor, is in 3691 creates a statutory right to jury trial that was never invoked until after Kimsey was convicted. Kimsey did a pro per – Kimsey did a pro per pleading when he did a laundry list of reserving and holding all of his rights. You're saying he waived his right. Right, Your Honor. Well, actually, more precisely, Your Honor, what I'm saying is that unlike the Sixth Amendment, which says that all of the requirements of the statute, including the right to jury trial, including protections, including a knowing waiver, an affirmative waiver applied, this is an obscure statute, 3691. It's not obscure. It's right there in the first paragraph of 402. Right. Right, Your Honor. But when one reads 3691, it says that jury trial upon demand thereof. Yes. Demand. And you're – Did he demand a jury trial? Did he ask for a jury trial? He demanded a jury trial six days after he was convicted in a motion to vacate or set aside. And that's the first time he demanded a jury trial. He mentioned in a pro per – Your argument is, then, that he waived his demand. Yes, Your Honor. Okay. But you began to say, because I don't know what – I don't know what the record is on this. You began to say that he did do something earlier. What did he do earlier? Your Honor, in January, Kimsey filed two pleadings. And in one of those pleadings, what Kimsey said was – he said his constitutional protections include the right for serious criminal contempts involving imprisonment of more than six months. These protections include the right to a jury trial. He said that at his initial appearance on January 29, 2010. The government then stood up and said he's not getting more than six months under any circumstances. But that's a reference to the Taylor case, which is a constitutional basis. That's correct, Your Honor. And I admit, I did not – And he's pro se. Well, he had counsel at – when he showed up, he had, being himself, filed stuff pro per with the Court in advance of the hearing. But Kimsey was there with his counsel. I assured him that contrary to his serious criminal contempts, more than six months, that he could only get six months. And Judge Prost said, so we're looking at a misdemeanor, which would be akin to a petty offense violation. Could you argue in your brief that there was a waiver? No, Your Honor. You didn't. So you waive the waiver. I would argue, Your Honor, that this statutory right to trial by jury in petty offenses when imprisonment is less than six months can only be triggered upon demand thereof. And I don't believe an adequate demand thereof was made. Assuming, however, this Court treats it, the fact that Kimsey got a full and fair bench trial as error, I would respectfully suggest that under plain error review, particularly the fourth prong, fairness – the fairness, integrity, and public reputation of the judicial proceedings, that Kimsey fails that. He was convicted in 87 for unauthorized practice. He defrauded Mr. Hamey and his son when they were getting evicted. I began by saying – and this did bother me about your brief. You spent a great deal of time showing that he did many bad things. All right? It has very little to do with this case. I'm sorry, Your Honor. I don't – I don't see what that has to do with this case. Your Honor, I believe if this Court assesses on plain error review whether the fairness and integrity of the judicial – We're supposed to take into account on that basis what he's done in the past? Yes, Your Honor. And in this particular case, in this particular case where he ghostwrote nonsensical pleadings, refused to say – I thought – I think that all of this started with a question about whether – about whether he – about whether he waived his right to a jury trial. And I don't think that has anything to do with his prior record or the claim that he's – or the charge that's in front of him. Your Honor, then I believe, as – And Judge Berzon's question was, if you didn't invoke the fact that he waived his jury trial in your brief, then the government has waived the waiver. And we have a – we have a number of cases that establish that – that the government can waive the fact of waiver. Yes, Your Honor. I would, however, note the point of timely and specific objections under Rule 52b is to give the trial court a chance to rule. But the point of the waiver of the waiver is that the government is supposed to give the court notice of the arguments that it intends to present in oral argument. That is correct, Your Honor. And to give us all of the facts so that we can look at the timeliness of all of this and see the parts of the record. That is correct, Your Honor. Okay. Thank you very much. Ms. Forrestman, we'll give you three minutes. Very briefly, first of all, Judge Bybee, I think it's important to point out that Mr. Kimsey did not represent himself as a lawyer in that phone call, and no one testified to that fact. The lawyer said he assumed he was a lawyer, but he specifically testified on cross-examination that the person on the phone, which I think we can assume was Mr. Kimsey, did not represent that he was a lawyer. The 23-year-old conviction for unauthorized practice of law, Judge Pro found at the same record reference that I gave you before on E.R. 35, that what he's talking – what Judge Pro is talking about there is that even though it's completely irrelevant whether the facts of that case are at all similar at all, and he says, I don't even find that they are similar because it doesn't matter. I'm just using that as a part of the sort of atmospherics of why he was willful. The – there is a pro per pleading that was filed by Mr. Kimsey when he first appeared. I'm not finding it as I'm searching through this now, because you're right, the government did not argue waiver in the trial court, nor did the government argue waiver in the briefs to this Court. But there is a pro per pleading in which Mr. Kimsey, prior to the time that he was appointed counsel, said, I do not waive my right to a jury trial. I do not waive my right to a jury trial. I commend the Court to the discussion in Pyle, which is a district court case which is cited in the reply brief, which goes into a lengthy history of that statute of 3691 and tells you that it was the specific intent of Congress to not allow prosecutors to come in – and this is during the labor disputes – to not allow  prosecutors to come in and deprive them of a jury trial by not charging them a crime. Kagan. But this statute 402 was actually part of the Clayton Act. It was, indeed. It was. Apparently, it was part of the Clayton Act that pertained to labor activity. That's – that's – I went – that's – and then Pyle goes into great detail about what that was about. And they specifically inserted the jury trial right in there to avoid the end run around a trial right that they might have had they been prosecuted criminally, which didn't happen here either. It went under contempt. The only last thing that I would say is to the extent that the word ruling – or rule – the word rule in 401 and 402 can be interpreted, it must be interpreted as that it is like an order. And – and so, frankly, the logic of that, of course, is that the failure to use a certain point, size, and type is pretty specific. The judges do sign the local rules, I suppose, so you could call it an order in effect. But what if you had – what if you had somebody who the judge said, look, I'm going to strike – I'm going to strike your pleadings, and the lawyer persists in filing appeals from that with all of the wrong point type and just simply is doing it to spite the judge? And if the judge said stop doing that and the person kept doing it, then, yeah, that's contempt. And it's clear – it's clear the judge says don't do that. That's why I think if you – if you're going to rely on a local rule as the rule under the statute, it has to be don't do that. And this statute doesn't – this local rule doesn't say stop doing that. Kagan. Or it has to be some prior notice saying you have violated the rule, stop doing it. The local rule means this, and you should stop doing this. They jumped the gun. They – if Mr. Kinsey had persisted in doing it after the magistrate judge had said don't do it, then I think you might have a real contempt action. Thank you, Your Honors, for your time. I appreciate it. Thank you very much. Thank you both. Okay. The case of United States v. Kinsey, a very interesting case, is submitted. All rise. This court for this session stands adjourned. Thank you. Thank you.
judges: Graham, Berzon, Bybee